Hendry Sidharta WIBISONO, Citra Darmawati, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–72781.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2008.[*]

Filed May 6, 2008.

Robert G. Ryan, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Holly M. Smith, Linda S. Wendtland, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, BROWNING and SKOPIL, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Substantial evidence supports the BIA's denial of asylum. Because Wibisono's experiences in Indonesia do not rise to the extreme level of persecution, substantial evidence supports the BIA's determination that he did not suffer past persecution. *See Fisher v. I.N.S.*, 79 F.3d 955, 962 (9th Cir.1996) (en banc) ("[Persecution] does not include mere discrimination, as offensive as it may be."); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). Substantial evidence also supports the BIA's determination that Wibisono did not have a well-founded fear of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc). Unlike the petitioner in *Suel v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004), Wibisono failed to establish an individualized risk of persecution. Wibisono also failed to establish a pattern or practice of discrimination. The State's Department's 2004 report on country conditions for Indonesia states that the government "officially promotes racial and ethnic tolerance" and "instances of discrimination and harassment of ethnic Chinese Indonesians declined compared to previous years." As the BIA recognized, the country report also indicates that Buddhism is one of the five religions recognized by the government, and that most of the population enjoys a high degree of religious freedom.

Because Wibisono cannot establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, Wibisono presented no evidence that he was tortured. *See* 8 C.F.R. § 1208.18(a). Substantial evidence thus supports the BIA's conclusion that Wibiso-

no failed to demonstrate that it is more likely than not that he will be tortured if he returned to Indonesia.

The petition is therefore **DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.